UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

THEODORE J. DIMITRI                    Chapter: 7
                                           Case No.: 09-64571-swr
                                           Hon. Steven W. Rhodes

      Debtor

---

GMAC INC.,

      Plaintiff

v                                           Adversary Proceeding
                                          No. 10-

THEODORE J. DIMITRI,

      Defendant

---

**ADVERSARY COMPLAINT FOR DENIAL OF DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. §§727(a)(2), (4) and (5)**

      GMAC Inc., for its Complaint for the denial of the Debtor, Theodore J Dimitri's discharge, states:

**JURISDICTION AND VENUE**

      1.      This is an adversary proceeding in bankruptcy brought by creditor GMAC Inc., pursuant to Bankruptcy Rules 4004 and 7001(4) to object to debtor's discharge (pursuant to 11 U.S.C. §727).

      2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334. This is a core proceeding.

      3.      Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

## PARTIES

4. Plaintiff GMAC Inc. is a corporation engaged in financing the purchase of automobiles in the Eastern District of Michigan.

5. Debtor, Theodore Dimitri, is an individual debtor under Chapter 7 of the Bankruptcy Code in the Eastern District of Michigan, Case No. 09-64571-swr.

## FACTS

6. On April 27, 2007, Debtor entered into a Lease Agreement with GMAC Inc. for the lease of a 2007 Cadillac Escalade bearing Vehicle Identification No. 3GYFK62817G291179.

7. The above-captioned Chapter 7 proceedings were commenced by the filing of a Voluntary Chapter 7 Petition by the Debtor on August 7, 2009 (the "Petition Date").

8. On December 21, 2009, this Court entered an Order terminating the Automatic Stay of 11 U.S.C. § 362(a) allowing GMAC Inc. to pursue its state law remedies with respect to its interest in the subject vehicle. (**Exhibit A,** Order).

9. Following the entry of this Order, GMAC Inc. attempted to repossess the subject vehicle from the debtor.

10. After repeated attempts, on January 29, 2010, the subject vehicle was eventually located by GMAC Inc. at what is believed to be debtor's place of business located at Classic Motor Car Collision, 24440 W. McNichols Road, Detroit, MI 48219.

11. However, the subject vehicle was completely "stripped" with merely a shell remaining. Upon inspection of the vehicle, the vehicle appeared to be carefully taken apart and the vehicle's missing parts were scattered throughout the debtor's place of business.

12. Debtor alleges that the subject vehicle was vandalized in September, approximately one month after debtor filed his Chapter 7 Petition, and towed to debtor's place of business.

13. Moreover, as of March 16, 2010, debtor refuses to relinquish possession of the subject vehicle unless GMAC Inc. provides debtor with a hold harmless agreement.

14. GMAC Inc. was never notified that the vehicle was allegedly stolen, vandalized and stripped.

15. Upon information and belief, a stolen vehicle report was never filed with the Detroit Police Department for the subject vehicle.

16. Upon information and belief, Michigan's Auto Lost and Found has no record of having possession of the subject vehicle.

17. Upon information and belief, the insurance policy for the subject vehicle was cancelled on September 27, 2009.

18. Accordingly, upon information and belief, debtor has intentionally and improperly retained and damaged GMAC Inc.'s vehicle against GMAC Inc.'s rights and interests.

19. The deadline to file a Complaint to determine the non-dischargeability of debt pursuant to 11 U.S.C. § 523 has passed.

20. Therefore, GMAC Inc. must resort to filing a Complaint objecting to discharge pursuant to 11 U.S.C. § 727.

21. An Order Extending the Deadline To Object to Discharge was entered by this court on January 19, 2010 extending the last day to oppose discharge to March 13, 2010. (**Exhibit B**, Order Extending Deadline).

3

10-04924-swr    Doc 1    Filed 03/18/10    Entered 03/18/10 13:39:22    Page 3 of 6

## COUNT I

## DENIAL OF DISCHARGE UNDER 11 U.S.C. 727(a)(2)

22. Plaintiff incorporates the allegations contained within Paragraphs 1 through 21 as if fully restated herein.

23. 11 U.S.C. §727(a)(2) provides that the court shall grant the debtor a discharge, unless –

> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
>
> (A) Property of the debtor, within one year before the date of the filing of the petition:
>
> (B) Property of the estate, after the date of filing of the petition…

24. Upon information and belief, debtor has, after the date of the filing of the petition, with the intent to hinder, delay or defraud a creditor, transferred, removed, concealed or destroyed, or has permitted to be transferred, removed, destroyed, mutilated or concealed property of the estate, including without limitation the subject vehicle belonging to GMAC Inc. *See also, In re Williams*, 1994 WL 92411 (Bankr. N.D. Ohio) (holding that the debtor violated 11 U.S.C. § 727(a)(2)(B) and accordingly denied discharge based on evidence that the debtor removed various parts from a vehicle).

25. Accordingly, debtor's discharge should be denied under 11 U.S.C. §727(a)(2).

WHEREFORE, Plaintiff GMAC Inc. respectfully requests that this Court (i) deny the discharge of debtor, Theodore Dimitri; (ii) award GMAC Inc. its costs, interest and attorney fees; and (iii) grant such other relief as this Court deems just and equitable.

4

10-04924-swr    Doc 1    Filed 03/18/10    Entered 03/18/10 13:39:22    Page 4 of 6

## COUNT II

### DENIAL OF DISCHARGE UNDER 11. U.S.C 727(a)(4)

26. Plaintiff incorporates the allegations contained within Paragraphs 1 through 25 as if fully restated herein.

27. 11 U.S.C. §727(a)(4) provides that the Court shall deny a debtor a discharge if the debtor knowingly and fraudulently made a false oath or account.

28. The debtor knowingly and fraudulently made a false oath or account by failing to disclose that the subject vehicle's condition and intentionally failing to disclose the subject vehicle's location. Further, debtor's failure to include this information perpetrated a fraud on the integrity of the bankruptcy system and GMAC Inc. when his failure permitted him to be eligible for relief under Chapter 7 of the Bankruptcy Code.

29. Accordingly, debtor's discharge should be denied under 11 U.S.C. §727(a)(4).

WHEREFORE, Plaintiff GMAC Inc. respectfully requests that this Court (i) deny the discharge of debtor, Theodore Dimitri; (ii) award GMAC Inc. its costs, interest and attorney fees; and (iii) grant such other relief as this Court deems just and equitable.

## COUNT III

### DENIAL OF DISCHARGE UNDER 11 U.S.C. 727(a)(5)

30. Plaintiff incorporates the allegations contained within Paragraphs 1 through 29 as if fully restated herein.

31. 11 U.S.C. §727(a)(5) provides that the court shall grant the debtor a discharge, unless "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

32. The debtor has intentionally and improperly retained and damaged GMAC Inc.'s vehicle against GMAC Inc.'s rights and interests while retaining the monies from the sale of the parts of the subject vehicle.

33. Debtor has failed to adequately explain any loss of assets or deficiency of assets to meet his liabilities. In particular, debtor has failed to explain the loss of the subject vehicle.

34. Upon information and belief, debtor has or will in the future retain the monies gained from the sale of the parts of the subject vehicle.

35. Accordingly, debtor's discharge should be denied under 11 U.S.C. §727(a)(5).

WHEREFORE, Plaintiff GMAC Inc. respectfully requests that this Court (i) deny the discharge of debtor, Theodore Dimitri; (ii) award GMAC Inc. its costs, interest and attorney fees; and (iii) grant such other relief as this Court deems just and equitable.

O'REILLY RANCILIO, P.C.

By: */s/ Kurt A. Steinke*
    CRAIG S. SCHOENHERR (P32245)
    KURT A. STEINKE (P44538)
    Attorneys for GMAC Inc.
    12900 Hall Road, Suite 350
    Sterling Heights, MI 48313
    (586) 726-1000
    (586) 726-1560 fax
    ecf@orlaw.com

Dated: March 18, 2010