UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

THEODORE J. DIMITRI

       Debtor

Chapter: 7
Case No.: 09-64571-swr
Hon. Steven W. Rhodes

_____/

GMAC INC.,

       Plaintiff

v

Adversary Proceeding
No. 10-04924-swr

THEODORE J. DIMITRI,

       Defendant

_____/

ADAM L. WIENER
Attorney for Debtor
24100 Southfield Rd., Suite 203
Southfield, MI 48075
(248) 520-1792

O'REILLY RANCILIO P.C.
CRAIG S. SCHOENHERR, SR. (P32245)
KURT A. STEINKE (P44538)
RALPH COLASUONNO (P55019)
Attorneys for Plaintiff, GMAC
12900 Hall Road, Suite 350
Sterling Heights, MI 48313
(586) 726-1000_____/

**PLAINTIFF GMAC'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS**

      Plaintiff, GMAC, hereby submits the following First Set of Interrogatories and Requests

for Production of Documents pursuant to Federal Rules of Civil Procedure 26, 33 and 34.

      The Interrogatories contained herein are to be answered separately and fully, in writing,

under oath, signed by the person or persons making them with a copy of such answers to be served upon the undersigned counsel for Plaintiff within thirty (30) days after the service of these Interrogatories. The Requests for Production of Documents shall be answered and the requested documents produced during regular business hours.

Such Interrogatories and Requests for Production of Documents shall be deemed continuing and supplemental answers and documents shall be required immediately upon receipt thereof, if the parties to whom they are directed either directly or indirectly obtain further or different information or documentation from the time answers are submitted until the time of trial.

## GENERAL INSTRUCTIONS

1. To the extent that Defendant obtains additional relevant information after his response, the information shall be provided and supplemental answers to interrogatories and production of documents will be due after Defendant first comes into possession of such information and/or documents. Unless otherwise specified, the time period covered by these Interrogatories and Requests for Production of Documents shall be the seven (7) years immediately preceding the date of these discovery requests.

2. Each Interrogatory and Request for Documents solicits all information available to, or obtainable by, Defendant and/or his respective employees, agents, representative, investigators, attorneys, sureties, or indemnitors.

3. If Defendant cannot answer any Interrogatory or respond to any Request for Documents in full, Defendant should answer the Interrogatory or Request to the extent possible and explain why it is unable to answer further. If any document or information is withheld under a claim of privilege, include a list of the documents withheld and identify the sender and

recipient and any person(s) receiving copies of the document, including their respective job titles; the subject matter of the document; and the privilege claimed.

4.     The terms "Plaintiff" and "Defendant" also embrace and include all affiliates, agents, servants, employees, representatives, officers, directors, or others who are in possession of or who have obtained information for or on behalf of Plaintiff or Defendant, any predecessor or successor corporation, partnership, joint venture, limited liability company, or other business thereof, associations or entities or other assigns thereof.

## DEFINITIONS

1.     The word "person" includes human beings and corporations, partnerships, joint ventures, limited liability companies, and other entities.

2.     The term "document" means each and any form in which information is kept, however produced, reproduced, or stored, in your actual or constructive possession, custody, or control, or which you have knowledge of its existence, and whether prepared, published, or released by you or any other person or entity, including but not limited to, letters, reports, agreements, correspondence, intra-office or inter-office correspondence or memorandum, telegrams, e-mail, minutes or records of meetings, reports or summaries of investigations, expressions or statements of policy, opinions or reports of consultants, lists, drafts, revisions, invoices, receipts, original or preliminary notes, preliminary sketches, records, ledgers, contracts, bills of lading, bills, insurance policies, inventories, financial data, drawings, maps, plans, blue prints, memoranda, accounting and financial records, diaries, journals, calendars, statements, work papers, videotapes, photographs, pamphlets, brochures, media guides, advertisements, trade letters, press releases, recaps, tables, articles, summaries of conversations, computer cards, tapes, disks, and other means of electronically, digitally, or magnetically maintained information and

3

printouts. "Document" includes, without limitation, all originals and non-identical copies and all drafts and proofs thereof. "Document" includes a copy of the original if the original is not in the possession or custody or control of witness, and every non-identical copy of the original.

3. To "identify," "to state the name of," or to "state the identity of" a person means to state his, her, or its name and last known business address, and if a natural person, his or her last known address, the name of his or her employer, the employment position then held by said employee, the date when such employment cease, and that person's telephone number.

4. To "identify," to "state the name of," or to "state the identity of" a document means to state:

    a.      The name of the person who prepared it;

    b.      The name of the person who signed it;

    c.      The name of each person to whom it was addressed or distributed;

    d.      The nature and substance of the document with sufficient particularity to enable it to be identified.

    e.      The date of the document and if it bears no date, the date when it was prepared or taken;

    f.      The physical location of it and the name and address of its custodian or custodians.

    g.      Whether it will be made available voluntarily to counsel for Plaintiff for inspection and copying.

5. To "identify," "state the name," or "to state the identity of" an oral communication means to state:

    a.      The name of each person who participated in the communication and the name of each person who was present at the time it was made;

    b.      By whom each such person was employed and who such person represented or purported to represent in making such oral communication;

c. What each person said;

d. The date when and the place where such oral communication was made; and

e. The identity of each document or recording which reflects or otherwise sets forth part or all of the substances of such communication.

6. To "identify" or "describe" and act, conduct, or event means to state:

a. The person engaging in the conduct or act;

b. The date when and the place where such conduct or act occurred;

c. The identities of all persons who witnessed or have knowledge of such conduct or act; and

d. The identity of each document or recording which reflects or otherwise sets forth part or all of the substance of such conduct or act.

7. The term "describe in detail" means:

a. Describe fully by reference to underlying facts rather than by reference to ultimate facts or conclusions of fact or law;

b. Where applicable, particularize as to (i) time and date, (ii) place, and (iii) manner; and

c. Set forth all relevant facts necessary to the complete understanding of the act, persons, event, or thing in question.

8. When requested to state the "factual basis" of any affirmative defense or answer, identify each occurrence, incident, and fact upon which Defendant rely to support such defense or answer, including:

a. The date thereof;

b. The place thereof;

c. The substance of each occurrence, incidence, and fact;

d. The identification of each person who participated therein;

e. The identification of each person present; and

5

f.     The source of knowledge thereof.

9.     The term "You" means the parties upon which these discovery requests were served and the person(s) identified in response to Interrogatory No. 1, *infra*.

10.    The term "Defendant" shall mean Defendant Theodore J. Dimitri.

11.    The term "Complaint" shall mean GMAC's Adversary Complaint in this matter, Case No. 10-04924-swr.

12.    The term "subject vehicle" or "vehicle" shall mean the vehicle which is the subject of the Complaint, one 2007 Cadillac Escalade, bearing Vehicle Identification Number 3GYFK62817G291179.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION
## OF DOCUMENTS

### INTERROGATORY #1:

Please identify and state the name, address, official capacity and title, if any, of the person(s) providing answers to these Interrogatories including all persons assisting in, providing and/or consulted for information or documents used in the preparation of your answers.

**ANSWER:**



### INTERROGATORY #2:

Please state Defendant Theodore J. Dimitri's full name, age, residence address, and occupation.

**ANSWER:**

6

**INTERROGATORY #3:**

Please state Defendant's employer's name, address and telephone number and Defendant's job title. In addition, state the address of the location(s) at which Defendant primarily works or has worked in the past two (2) years.

**ANSWER:**

**INTERROGATORY #4:**

Please state with particularity Defendant's relationship and connection to "the business location he rents out" as alleged in Defendant's Answer to GMAC's Adversary Complaint, and, in addition;

      a. Identify in detail the business entity that is operating out of the location leased out by Defendant;

      b. Identify any and all relationships and/or connections with the owner, managers or employees of the business operating at the location leased out by Defendant; and

      c. Identify the way in which this business entity obtained control of the subject vehicle from the towing company.

**ANSWER:**

**INTERROGATORY #5:**

State with particularity each and every fact which forms the basis for Defendant's denial of Paragraph 13 of GMAC's Adversary Complaint, and, in addition:

a.      Identify all witnesses who may be called in support of that contention or claim and their expected testimony;

b.      Identify and attach copies of all documents that support or may be introduced, in support of that contention or claim; and

c.      Identify all other evidence which may be introduced to support this contention or claim.

**ANSWER:**

## INTERROGATORY #6:

State with particularity each and every fact which forms the basis for Defendant's denial of Paragraph 17 of GMAC's Adversary Complaint, and, in addition:

a.      Identify all witnesses who may be called in support of that contention or claim and their expected testimony;

b.      Identify and attach copies of all documents that support or may be introduced, in support of that contention or claim; and

c.      Identify all other evidence which may be introduced to support this contention or claim.

**ANSWER:**

## INTERROGATORY #7:

State with particularity each and every fact which forms the basis for Defendant's denial of Paragraph 18 of GMAC's Adversary Complaint and, in addition:

a.      Identify all witnesses who may be called in support of that contention or claim and their expected testimony;

  b.  Identify and attach copies of all documents that support or may be introduced, in support of that contention or claim; and

  c.  Identify all other evidence which may be introduced to support this contention or claim.

**ANSWER:**

## INTERROGATORY #8:

   State with particularity each and every fact which forms the basis for Defendant's denial of Paragraph 24 of GMAC's Adversary Complaint and, in addition:

  a.  Identify all witnesses who may be called in support of that contention or claim and their expected testimony;

  b.  Identify and attach copies of all documents that support or may be introduced, in support of that contention or claim; and

  c.  Identify all other evidence which may be introduced to support this contention or claim.

**ANSWER:**

## INTERROGATORY #9:

   State with particularity each and every insurance policy/contract covering the subject vehicle from April 27, 2007 through current, in addition:

  a.  Identify and attach copies of all documents and policies that support or may be introduced, in support of that contention or claim;

  b.  Identify all other evidence which may be introduced to support this contention or claim;

  c.  Identify the type of insurance coverage;

d.      Identify each and every individual and/or entity covered by such insurance policy;

e.      Identify the insurance company providing such coverage;

f.      Identify the effective dates of the insurance policy/coverage;

g.      Identify all reports and/or claims Defendant made and sent to any insurance company or public authority relating to the subject vehicle;

h.      The outcome of the insurance claims; and

i.      The basis for any denials of any insurance claims made.

**ANSWER:**




**INTERROGATORY #10:**

If an insurance policy/contract covering the subject vehicle was cancelled please state:

a.    The date in which the policy/contract was cancelled;

b.    The name and address of the individual cancelling the policy/contract;

c.    The reason the policy/contract was cancelled;

d.    The date in which GMAC was notified that the insurance policy/contract had been cancelled;

e.    All witnesses who may be called in support of that contention or claim and their expected testimony; and

f.    Identify and attach copies of all documents that support or may be introduced, in support of the cancellation.

**ANSWER:**

**INTERROGATORY #11:**

Identify any and all insurance claims made by Defendant to any insurance company in the past five (5) years and identify:

        a.  The date the insurance claim was made;

        b.  The insurance company the claim was made with;

        c.  The property relating to such an insurance claim;

        d.  The outcome of the insurance claim; and

        e.  The basis for any denials of any insurance claims made by Defendant.

**ANSWER:**

**INTERROGATORY #12:**

Please state all investigations conducted in relation to the "theft of the vehicle" as alleged in paragraph 11 of Defendant's Answer to GMAC's Adversary Complaint, and, in addition:

        a.  Identify who conducted the investigation;

        b.  Identify the results of the investigation;

        c.  Identify all witnesses who may be called in support of that contention or claim and their expected testimony;

        d.  Identify and attach copies of all documents that support or may be introduced, in support of that contention or claim; and

        e.  Identify all other evidence which may be introduced to support this contention or claim.

**ANSWER:**


**INTERROGATORY #13:**

Please state the date in which the vehicle was allegedly towed to "a business location Defendant rents out" as alleged in Defendant's Answer to GMAC's Adversary Complaint, and in addition:

    a.   Identify the name, address, telephone number, and owner of the company that towed the subject vehicle to the business location;

    b.   Identify the place in which the tow company located the subject vehicle;

    c.   Identify the way in which the tow company was notified to tow the subject vehicle to the "business location";

    d.   Identify and attach copies of all documents pertaining to the towing of the subject vehicle including, but not limited to, all reports and invoices;

    e.   Identify all witnesses who may be called in support of your contentions and claims and their expected testimony; and

    f.   Identify all other evidence which may be introduced to support your contention and claim that the vehicle was towed to a business location that Defendant rents out.

**ANSWER:**


**INTERROGATORY #14:**

Describe in detail the factual basis and identify and produce all documents, photographs, and receipts that you rely on in support of your allegation that the vehicle was stripped of its

parts, including all photographs immediately following its arrival at the "business".

**ANSWER:**

**INTERROGATORY #15:**

Please state with particularity any and all alterations and/or repairs done to the vehicle after it was towed to the business location, and, in addition:

    a.  Identify the date in which such alterations and/or repairs were completed;

    b.   Identify the individual or entity completing such alterations and/or repairs;

    c.  Identify any and all accessories, parts, components that were altered and/or removed from the vehicle before or after it arrived at the business location; and

    d.  Identify and attach copies of all documents, photographs, receipts, repair orders in relation to the subject vehicle.

**ANSWER:**

**INTERROGATORY #16:**

State with particularity each and every fact which forms the basis for Defendant's allegation in Paragraph 15 of his Answer to GMAC's Adversary Complaint that the vehicle was believed to be repossessed by GMAC, and, in addition:

    a.  Identify the date in which Defendant believed the vehicle was repossessed;

    b.  Identify the place in which Defendant believed the vehicle was repossessed from;

    c.  Identify the circumstances surrounding the believed repossession;

     d.  Identify any and all contacts and/or communications between Defendant and GMAC regarding a repossession;

     e.  Identify all witnesses who may be called in support of your contentions and claims that Defendant believed the vehicle to be repossessed and their expected testimony;

     f.  Identify and attach copies of all documents pertaining to Defendant's allegation that he believed the vehicle was repossessed; and

     g.  Identify all other evidence which may be introduced to support your contention and claim that the vehicle was towed to a business location that Defendant rents out.

**ANSWER:**

## INTERROGATORY #17:

State with particularity each and every contact, communication, notification by and between Defendant GMAC regarding the subject vehicle after Defendant believed it to be "repossessed", and, in addition:

     a.  Identify the date, time, means of communication and the GMAC representative notified;

     b.  If you did not contact GMAC following the believed repossess of the subject vehicle, identify each and every reason for your failure to contact GMAC; and

     c.  Identify and attach copies of all documents pertaining to every contact and/or communication between GMAC regarding the subject vehicle after Defendant believed it to be "repossessed".

**ANSWER:**

**INTERROGATORY #18:**

State with particularity every course of action you took to regain possession of the vehicle.

**ANSWER:**

**INTERROGATORY #19:**

Please state whether a police report been filed by you or on your behalf with regard to your allegation that the vehicle was stolen, and, in addition:

        a.   Identify the date that such police report was filed;

        b.   Identify the police department in which the police report was filed with;

        c.   Identify the person filing such a police report; and

        d.   Identify and attach copies of all documents pertaining to any police reports filed in relation to the subject vehicle.

**ANSWER:**

**INTERROGATORY #20:**

If your answer to Interrogatory No. 19 is no, please state in detail the reason Defendant failed to file a police report in relation to the subject vehicle before **and/or** after the vehicle was towed to Defendants "business location that he rents out".

**ANSWER:**



**INTERROGATORY #21:**

Please identify all persons which the Defendant knows of, or intends to call, or may call as a witness at trial, including any experts, who have or are believed to have any knowledge of any of the facts, claims, or contentions alleged in the Complaint and Answer or documents relating thereto or regarding same, and for each witness state:

      a.      The person's name;

      b.      The person's occupation;

      c.      The person's employer;

      d.      If said person was previously employed by Defendants, set forth:
            i. The last day of work;
            ii. reason for termination;

      e.      The person's job title, position, and a brief description of the work;

      f.      State with particularity the facts and/or knowledge which that person has and the expected content and substance of each such person's testimony, including the substance and opinion of any expert retained or consulted by the Defendant; and

      g.      Identify and produce/attach all documents that relate in any manner to the testimony of each such person.

**ANSWER:**

**INTERROGATORY #22:**

Please identify each expert consulted or employed by the Defendant to render an opinion with respect to the subject matter of this litigation, regardless of whether Defendant has retained or compensated such expert(s), and regardless of whether Defendant intends to call such expert(s) at trial; and, as to each such expert, state the subject matter about which the expert is expected to testify, the substance of facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**


**REQUEST FOR PRODUCTION #1:**

As to any expert identified in response to Interrogatory No. 22, please produce and attach copies of:

    a.     His or her curriculum vitae, professional resume, or similar document regarding education, employment, qualifications, licenses and professional organizations;

    b.     Each written report and/or document Defendant has received from each such expert;

    c.     Each and every document or item of tangible evidence which as been provided to each such expert, whether by Defendant, their counsel, or any third party or entity;

    d.     Each and every document reviewed by each such expert in his or her study, assessment or evaluation of the subject matter of this litigation and his or her expected area of expert testimony;

    e.     Each and every document relating in any manner to the date, nature, findings, and result of any and all tests, studies or simulations conducted by each such expert;

    f.     Each and every article, table, study or similar document reviewed, utilized or relied upon by each such expert in reaching his or her opinion or opinions concerning the subject matter of this litigation;

g.      All evidence and/or documents not already requested and which were relied upon or utilized by each such expert in reaching his or her opinion(s) concerning the subject matter of this litigation, and

h.      Each and every document regarding Defendant's agreement or contract with respect to each such expert as to compensation and expenses.

**ANSWER:**

**REQUEST FOR PRODUCTION #2:**

Please identify, produce and attach a copy of all documents that Defendant has in her possession, custody or control, which Defendant knows of, and/or which the Defendant intends to offer, utilize, or introduce at trial which establish, relate or refer to any fact, allegation, claim, and/or contention in the Complaint and/or Answer and Affirmative Defenses.  If Defendant does not currently have all of the documents it plans to offer, utilize or introduce, please list those currently available and provide supplemental answers when the others are known, as required under MCR 2.302(E) and 2.309.

**ANSWER:**

**INTERROGATORY #23:**

With respect to each and every document (including computer files and documents), the identity of which is requested by these Interrogatories and/or which is requested to be produced, and as to which the Defendant claims same to have been lost, stolen, misplaced, deleted, discarded, destroyed, disposed of, or as to which it is otherwise claimed that same is missing or cannot be located, please state:

a.    The type of document (i.e., memorandum, letter, telephone message slip, contract, specifications, computer disk, etc.);

b.    The date of such document or, if it bore no date or the date of same is unknown, the date upon which it was prepared, sent, and/or received;

c.    The identity of the person authoring, originating, and/or the name of each person who signed it or under whose name it was issued;

d.    The name of each person to whom it was addressed and the name of each person who received it;

e.    The name of each person who contributed to the text of, reviewed, and/or approved the document;

f.    The identity of each person to whom a copy of such document was directed (including blind copies and e-mail and/or e-mail attachments) or who is known to have received, viewed, or possessed a copy at any time;

g.    The title and subject matter or substance of the document with sufficient particularity that it can be identified if subsequently located;

h.    The date upon which the document was lost, stolen, misplaced, deleted, destroyed, discarded or disposed of;

i.    The identity of the person(s) requesting or authorizing that the document be deleted, destroyed, discarded or disposed of;

j.    Whether the document was lost, stolen, misplaced, deleted, destroyed, discarded, disposed of, or is otherwise missing or cannot be located;

k.    The reason(s) the document was lost, stolen, misplaced, deleted, destroyed, discarded, disposed of, or is otherwise missing or cannot be located;

l.    The identity of each and every person who witnessed the deletion, destruction, disposal or discarding of the document;

m.    Identify each and every document which refers or relates to, or contains information regarding, the deletion, destruction, disposal or discarding of such document; and

n.    If the document was ever in electronic form or on a computer, whether any archive, backup or other computer (disk or otherwise) copy of the document exists and, if so, the identity of each person having a computer or archive/backup copy of same and the location of such archive/backup or other disk, tape or other media containing same.

19

**ANSWER:**

**INTERROGATORY #24:**

With respect to each and every document, the identity of which is requested by these Interrogatories or as to which a Request for Production is made, which Defendant refuses to identify or produce by reason of an alleged claim of privilege or work product, please state:

a.     The type of document involved;

b.     The nature of your objection to its production or disclosure;

c.     The date of such document, or, if it bore no date or the date of same is unknown, the date upon which it was prepared, sent and/or received;

d.     The identity of the person authoring, originating, and/or the name of each person who signed it or under whose name it was issued;

e.     The name of each person to whom it was addressed and the name of each person who received it;

f.     The identity of each person who contributed to the text of, reviewed, and/or approved the document;

g.     The identity of each person to whom a copy of such document was directed (including blind copies and e-mail and/or e-mail attachments) or who is known to have received, viewed, or possessed a copy at any time;

h.     The title and subject matter or substance of the document with sufficient particularity that it can be identified;

i.     Identify each and every document which refers or relates to, or contains information regarding, the privileged document; and

j.     If the document was ever in electronic form or on a computer, whether any archive, backup or other computer (disk or otherwise) copy of the document exists and, if so, the identity of each person having a computer or archive/backup copy of same and the location of such archive/backup or other disk, tape or other media containing same.

**ANSWER:**

**INTERROGATORY #25:**

With respect to each and every objection made by Defendant with respect to these Interrogatories or a Request for Production is based upon a claim of privilege or work product other than those identified by you in response to Interrogatory No. 24 please state:

a. The type of information with respect to which you assert the claim of privilege or work product;

b. The nature of your objection to its production or disclosure;

c. The date of the communication which forms the basis of your objection, if same is based upon a claim of privilege;

d. The date and nature of the work which forms the basis of your objection, if same is based upon a claim of work product;

e. The identity of the person making the privileged communication, if same is based upon a claim of privilege;

f. The identity of the person doing the work, if your objection is based upon a claim of work product;

g. The identity of each and every person to whom the allegedly privileged information has been disclosed at any time by you, your attorneys or any other person known to you;

h. The dates of each of the disclosures which are the subject of your answer to the preceding subpart (g);

i. The identity of each and every person to whom the alleged work product has been disclosed at any time by you, your attorneys, or any other person known to you;

j. The dates of each of the disclosures which are the subject of your answer to the preceding subpart (i);

k. A general description of the subject matter of the work product, if your objection is based upon a claim of work product; and

21

l.       Identify each and every document which refers or relates to, or contains information regarding, such allegedly privileged or work product information.

**ANSWER:**


## REQUEST FOR PRODUCTION #3:

Please identify, produce, and attach a copy of all statements, notes, transcripts, diaries, calendars, or other documents in Defendant's possession, custody, or control, given to or obtained by you, your attorneys, or representatives, which relate in any manner to the facts and issues of this litigation, or any claim or defense in any pleading.

**ANSWER:**



O'REILLY RANCILIO P.C.


                                       */s/ Kurt A. Steinke*
                            By_____
                                       KURT A. STEINKE
                                       Attorneys for Plaintiff, GMAC
                                       12900 Hall Road, Suite 350
                                       Sterling Heights, MI  48313-1151
                                       (586) 726-1000

DATED: June 8, 2010


O:\Adversary proceedings\Dimitri, Theodore\Plaintiffs first set of discovery.doc